UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SINCERE SMITH,

                      Plaintiff,                   **DECISION AND ORDER**

        -against-                          21-cv-2712 (NSR) (AEK)

C.O. J. CORDERO; C.O. A. UDAYAN;
C.O. R. ROBINSON; C.O. M. DAVIS;
C.O. E. JARVIS; C.H.O. ATAIZA;
A. RODRIGUEZ; and ANTHONY J. ANNUCCI,

                      Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

*Pro se* Plaintiff Sincere Smith brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights while incarcerated at Sing Sing Correctional Facility ("Sing Sing"). *See* ECF No. 10 ("Amended Complaint" or "Am. Compl."). Defendants are individuals who at all times relevant to this action were employed by the New York State Department of Corrections and Community Supervision ("DOCCS"). Specifically, Plaintiff asserts that he was assaulted by Defendant C.O. Cordero—a Sing Sing corrections officer—and that after the assault, Defendants made false reports resulting in Plaintiff being wrongfully disciplined. *See id.* at 3-6.

Currently before the Court is Plaintiff's motion for sanctions. ECF No. 54 ("Pl.'s Mem."). For the reasons that follow, Plaintiff's motion is DENIED.

**BACKGROUND**

Plaintiff initiated this action on March 29, 2021 by filing a complaint. ECF No. 2. On June 24, 2021, Plaintiff filed the operative Amended Complaint, and Defendants filed their answer on January 10, 2022. ECF No. 24. On February 15, 2022, the Honorable Nelson S. Román, the District Judge to whom this case is assigned, referred this case to the undersigned for

general pretrial supervision.  ECF No. 36.  This Court then held a series of status conferences with the parties to discuss the progress of discovery and to address discovery issues as they arose.  During a status conference on November 23, 2022, the Court authorized Plaintiff to file a motion for sanctions related to issues that had been raised by Plaintiff.  *See* Docket Sheet, Minute Entry dated 11/23/2022.

In Plaintiff's motion, he seeks monetary sanctions of $2,500 to be imposed against Defendant C.O. Cordero pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure and "the Court's inherent power to manage its own affairs."  Pl.'s Mem. at 4, 6.[1]  Plaintiff asserts that sanctions are appropriate because C.O. Cordero allegedly lied in a sworn interrogatory response produced to Plaintiff in discovery.  *Id.* at 5.  In the relevant interrogatory, Plaintiff posed the following question to C.O. Cordero:

> 2) Did you choke James [McRae] in the frisk area at Sing Sing Corr. Fac. until the blood vessels in his left eye broke/popped & he lost consciousness on July 7, 2014?

*Id.* at 7.  C.O. Cordero responded "No."  *Id.*  Plaintiff maintains that C.O. Cordero's response to this interrogatory was untruthful.  *See id.* at 5.

To support his contention, Plaintiff has identified a different federal lawsuit, filed by Mr. McRae against C.O. Cordero and others in 2015, in which Mr. McRae alleged that he was assaulted by C.O. Cordero while incarcerated at Sing Sing.  *See id.*; *see also McRae v. Cordero*, No. 15-cv-4334 (NSR) (PED), 2018 WL 3611964, at *1 (S.D.N.Y. July 26, 2018).[2]  In that case,

---

[1] Citations to Plaintiff's Memorandum refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases that are unpublished or only available by electronic database are being simultaneously mailed to the *pro se* Plaintiff along with this Decision and Order.

the defendants moved for summary judgment based on Mr. McRae's purported failure to exhaust administrative remedies, but Judge Román denied the motion. *See McRae*, 2018 WL 3611964, at *1, 8. In a July 26, 2018 decision, Judge Román recited the following facts, explaining that these facts were "drawn from the Complaint and its attachments, the parties' submissions, and the record":

> Defendant Cordero [ ] instructed Plaintiff to place his hands on the wall in preparation for a frisk search, but Plaintiff instead placed his hand in his left pocket and began struggling with the Correction Officers. In response, Cordero took Plaintiff to the ground and attempted to secure his arm to no avail. Plaintiff subsequently place an unidentified object in his mouth. Defendant Cordero then choked Plaintiff until he lost consciousness, resulting in broken blood vessels in Plaintiff's left eye. After Plaintiff regained consciousness, Defendants Cordero and Smith were able to regain control by forcing Plaintiff's wrists into the small of his back and applying mechanical restraints. Defendants allegedly further beat Plaintiff in the "strip/frisk" area just outside the visiting room.

*Id.* at *1 (citations omitted). To support the statement that C.O. Cordero "choked [McRae] until he lost consciousness, resulting in broken blood vessels in [McRae's] left eye," Judge Román cited to Mr. McRae's complaint and to a use of force memorandum signed by C.O. Cordero that was attached to the complaint. *Id.*; *see also* ECF No. 59 ("Burns Decl.") Ex. A (complaint and attachments filed in *McRae*). The use of force memorandum signed by C.O. Cordero does not include any reference to choking, but does state that C.O. Cordero "grabbed the inmate into a bear hug body hold and took him face first to the floor." Burns Decl. Ex. A at 17.[3] Mr. McRae's case never went to trial; after an extended period of time in which Mr. McRae failed to communicate with the court or otherwise respond to an order to show cause, Judge Román dismissed the matter

---

[3] Citations to the Burns Declaration refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

3

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to Mr. McRae's failure to prosecute his action.  Burns Decl. Ex. E.

Plaintiff asserts that C.O. Cordero's interrogatory response in this case and the facts set forth in Judge Román's summary judgment decision in Mr. McRae's case are inconsistent, and that the latter evinces that C.O. Cordero "acted in bad faith when questioned about his use of force against [Mr. McRae] . . . [,] was untruthful[,] [and] tried to conceal his history of using excessive force."  Pl.'s Mem. at 3.

## LEGAL STANDARDS

Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, "[i]f a party 'fails to obey an order to provide or permit discovery,' a district court may sanction the transgressing party in numerous ways of varying severity, up to and including dismissing the action."  *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020) (quoting Fed. R. Civ. P. 37(b)(2)(A)).  "A court may impose sanctions pursuant to Rule 37(b)(2)(A) only when the transgressing party has violated a prior court order."  *Id.*; *see also Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order.").

Even without a discovery order, "[a] court may sanction a party under its inherent power to deter abuse of the judicial process and prevent a party from perpetrating a fraud on the court."  *Yukos Cap.*, 977 F.3d at 235.  "Sanctions for fraud are warranted if it is established by clear and convincing evidence that [a party] has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate the action."  *Id.* (quotation marks omitted); *see also United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345

4

(2d Cir. 1991) (requiring "a particularized showing of bad faith to justify the use of the court's inherent power"). In determining whether to impose sanctions for discovery abuses pursuant to a court's inherent power, courts are to proceed with "even more restraint than usual" since "Rules 26(g) and 37 represent the principal enforcement power to punish discovery abuse." *Yukos Cap.*, 977 F.3d at 235-36 (quotation marks omitted). "[T]he Supreme Court has made clear that courts should impose sanctions pursuant to their inherent authority only in rare circumstances." *Id.* at 235.

## ANALYSIS

As an initial matter, Plaintiff has not identified any Court order that Defendants have violated; accordingly, Rule 37(b) does not apply as a basis for Plaintiff's motion for sanctions. *See id.* at 234-35.

Turning to Plaintiff's inherent authority argument, Plaintiff has failed to establish by clear and convincing evidence that sanctions are warranted. Plaintiff's motion rests on the incorrect premise that C.O. Cordero admitted in the *McCrae* litigation that he used excessive force against another individual incarcerated at Sing Sing. *See* Pl.'s Mem. at 5. But to the contrary, Judge Román's description of C.O. Cordero's conduct in that case was merely a repetition of Mr. McCrae's allegation in his complaint, not an admission by C.O. Cordero of what Mr. McCrae alleged or a finding of fact by Judge Román as to the merits of the allegations. *See McRae*, 2018 WL 3611964, at *1. While the *McRae* decision cites to both Mr. McRae's complaint and C.O. Cordero's use of force memorandum as support for the statement that C.O. Cordero "choked Plaintiff until he lost consciousness, resulting in broken blood vessels in Plaintiff's left eye," a review of these sources makes clear that this sentence in Judge Román's decision is quoting directly from the allegations in Mr. McCrae's complaint, *see* Burns Decl. Ex.

A at 3, and that C.O. Cordero's use of force memorandum presents a very different picture of the events of that day, *see id.* at 17.  Accordingly, Plaintiff has not established, based on the evidence presented in this motion, that any statement made by C.O. Cordero in the *McCrae* litigation is inconsistent with his response to Plaintiff's interrogatories in this action.

Moreover, Judge Román's summary judgment decision in the *McRae* litigation is not evidence of any previous use of excessive force by C.O. Cordero.  Any fact recited in a summary judgment decision "should be interpreted only in light of the limited purpose for which it was made, namely, to determine whether summary judgment was appropriate, and not for the purpose of finding facts or making legal conclusions on a full record disposing of the case on the merits." *Reefer & Gen. Shipping Co. v. Great White Fleet, Ltd.*, No. 93-cv-906 (SWK), 1995 WL 575290, at *5 (S.D.N.Y. Sept. 28, 1995); *accord Nat'l Traffic Serv., Inc. v. Fiberweb, Inc.*, No. 08-cv-262 (BRW), 2012 WL 3822165, at *2 (W.D.N.Y. Sept. 4, 2012).  In other words, the facts recited in the context of that decision are not conclusions as to what actually happened; rather, they describe the record that was presented to the court in the context of that particular motion.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for sanctions (ECF No. 54) is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 54.

\* \* \* \* \* \* \* \* \* \*

Based on the reports provided at the last status conference with the undersigned on November 23, 2022, and the subsequent status reports and requests provided by Defendants, ECF Nos. 55, 61, 64, it is this Court's understanding that there are no further issues to be addressed in discovery.  A telephonic status conference with the undersigned is hereby scheduled for May 5, 2023 at 10:00 a.m.  The purpose of the conference is to confirm that discovery is

complete, and to discuss the next steps in this case. Counsel for Defendant must make arrangements with the appropriate correctional facility to have Plaintiff available via telephone.

Dated: April 19, 2023
      White Plains, New York                 **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

    A copy of this Decision and Order has been mailed to the *pro se* Plaintiff by Chambers at Plaintiff's address of record on the docket.